UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| A C B L OLDCO L L C ET AL | CASE NO. 2:25-CV-00941 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| BUNGE STREET PROPERTIES L L C ET AL | MAGISTRATE JUDGE LEBLANC |

MEMORANDUM ORDER

Before the court is *Hornbeck Offshore Transportation, LLC's Motion for Leave to File Corporate Disclosure Statement Under Seal*. Doc. 11. For the reasons that follow, the motion is **DENIED** and the unredacted version of the Corporate Disclosure Statement [doc. 11, att. 2] shall be filed into the record.

Hornbeck Offshore Transportation, LLC ("Hornbeck") seeks to file its Corporate Disclosure Statement to maintain as confidential the identity of stakeholders of Hornbeck's parent company, Hornbeck Offshore Services, Inc. Doc. 11. Other than noting that this information is not otherwise publicly available and of limited importance because "only necessary to provide relevant information under Rule 7.1 of the Federal Rules of Civil Procedure," Hornbeck offers no rationale for the sealing of the document.

A primary purpose of the Rule 7.1 corporate disclosure statement is to allow members of the judiciary to identify financial conflicts of interest. "[T]he corporate relationships that must be disclosed under Rule 7.1 are those that might warrant a judge's disqualification based on a holding in such an entity." *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 542 (5th Cir. 2022). "The information required by Rule 7.1(a) reflects the 'financial interest' standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges." Fed. R. Civ. P. 7.1 note (Advisory

1

Committee Notes to 2002 adoption). This being the case, the public has an interest in the availability of corporate disclosure statements, especially insofar as the ethical integrity of the judiciary is implicated. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) ("[A]ccessibility enhances legitimacy, the assurance that things are on the level.").

More generally, the public enjoys presumptive access to documents filed on the Court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Court has a "solemn duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. at 419–20 (internal quotation marks and additional citations omitted). The United States Fifth Circuit recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*
>
> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g., BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.
>
> [ . . . ]

2

> That said, public information cannot be sealed. *June Med. Servs.*, 22 F.4th at 520. And the district court must also consider whether alternative measures, such as redaction or pseudonymity, would instead sufficiently protect the privacy interests at issue. *See, e.g., United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (noting that redaction is often, but not always, "practicable and appropriate as the least restrictive means of safeguarding sensitive information").

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2–3 (5th Cir. Mar. 7, 2024)(footnotes omitted).  A party's interest in sealing information that competitors would use to its disadvantage can overcome the public's right to access judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Only a specific threat of competitive harm may justify sealing. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Facts concerning the ownership structure of an entity are not, in and of themselves, proprietary information, and here Hornbeck does not identify a specific threat of competitive harm.

Neither the fact a motion to seal is unopposed nor the fact the information at issue is "confidential" is dispositive or alone sufficient to warrant an order placing the documents under seal.  *See Sealed Appellant*, 2024 WL 980494 at *2 (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019));  *see also Wash World Inc. v. Belanger Inc.*, 666 F. Supp. 3d 808, 833 (E.D. Wis. 2023), *appeal dismissed*, No. 2023-1841, 2023 WL 5955228 (Fed. Cir. Sept. 13, 2023) ("Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to establish the good cause necessary to warrant restricting documents from the public."); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562, 575–76 (D. Mont. 2021) ("the Confidentiality Agreement is not dispositive of whether the documents should remain sealed under the 'compelling reasons' standard." (citation omitted)).  Instead, "[t]he secrecy of judicial records, *including stipulated secrecy*, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring

nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021) (emphasis added).

Because the presumption of openness outweighs movant's interest in maintaining the secrecy of its corporate ownership structure, the motion is denied.

**SO ORDERED** at Lake Charles, Louisiana, this 15th day of August, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**